IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-176-FL

| | |
|---|---|
| BETHANY LANEY SCHILLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-33 & 38). The time for filing any responses or replies has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-33) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-38) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") on October 31, 2008, alleging disability beginning October 2, 2006. (Tr. 16). She later amended her onset date to November 5, 2008. *Id.* Her claim was denied initially and upon reconsideration. *Id.* A hearing was held

before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled during the relevant time period in a decision dated February 25, 2011. *Id.* at 16-25. The Social Security Administration's Office of Hearings and Appeals ("Appeals Council") denied Plaintiff's request for review on June 28, 2011, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-3. Plaintiff filed the instant action on August 22, 2011. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d

1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–440 (4th Cir. 1997).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. ' 404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

Plaintiff was insured for DIB through December 31, 2009. *Id*. at 18. A person must be insured for disability insurance benefits in order to be eligible for such benefits. 42 U.S.C. § 423(a)(1). *See also*, 20 C.F.R. § 404.315. Therefore, the inquiry is whether substantial evidence supports the ALJ's finding that Plaintiff's impairments were not disabling on or before December 31, 2009.

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found

that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: 1) lumbar degenerative disc disease; 2) fibromyalgia; 3) circulatory system disease; and 4) mitral valve prolapsed. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id* at 19. Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work. *Id*. at 20. Specifically, the ALJ found that:

> The claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently and stand, walk, and sit for 6 hours in an 8-hour day. The claimant may occasionally use her bilateral upper and lower extremities for pushing and/or pulling (including operation of foot controls). The claimant can frequently climb stairs, balance, kneel, and crawl, but should never climb ladders. She may occasionally stoop or crouch.
>
> *Id*. at 20.

The ALJ then determined that Plaintiff was capable of performing her past relevant work. *Id*. at 25. Accordingly, the ALJ determined that Plaintiff was not under a disability through her date last insured. *Id*.

On February 12, 2010, Mr. Kenny Barrow, a Physician Assistant, opined that Plaintiff was unable to perform sedentary work. *Id*. at 396. Mr. Barrow's opinion was later endorsed by Dr. Matthew Williams and Dr. Adam Brown. *Id*. at 601, 603. The ALJ gave Mr. Barrow's opinion little weight. In so doing, the ALJ noted that "following the [February 12, 2010] statement [Plaintiff] did not present for pain management until November 2010." *Id*. at 24. This misstates the record.

On the contrary, Plaintiff was evaluated and treated numerous times between February,

2010 and November, 2010. Defendant argues that there is no basis in the "additional treatment notes for changing the ALJ's decision . . . [because they] simply provide additional support for the ALJ's analysis." (DE-39, pg. 16). Essentially, Defendant argues that the ALJ's error was harmless. Shinseki v. Sanders, 129 S.Ct. 1696 (2009); Garner v. Astrue, 2011 WL 2451723, *1, fn* (4th Cir. 2011)(unpublished opinion). The undersigned disagrees.

For example, between February, 2010 and November, 2010, it was consistently noted that Plaintiff's pain was constant and made worse with sitting and standing. (Tr. 576, 581, 583, 585, 587, 589). Likewise, her pain was usually severe enough to restrict her from housework. *Id.* Plaintiff stated that she was "having more bad days than good" on August 16, 2010. *Id*. at 585. She also reported "widespread aching pain." *Id*. On September 13, 2010, Plaintiff was "having more trouble with fatigue . . . [and] modest problems with fibromyalgia symptoms." *Id*. at 588. It was noted on October 11, 2010 that Plaintiff's "husband . . . had to take off work . . . to take care of her because of the increased SI joint point on the right." *Id*. at 589.

It appears that the ALJ did not have access to these treatment notes (DE-34, pg. 13, DE-39, pg. 14), although they were submitted to and considered by the Appeals Council. *Id*. at 4. When the Appeals Council incorporates new evidence into the administrative record, the reviewing court considers the record as a whole, including the new evidence, to determine whether the Commissioner's decision is supported by substantial evidence. Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 (4th 1991). Generally, the Appeals Council is not required to articulate a detailed assessment of any additional evidence submitted by a claimant. Freeman v. Halter, 15 Fed. Appx. 87 (4th Cir. 2001)(unpublished); Hollar v. Commissioner of Social Sec. Admin., 194 F.3d 1304 (4th Cir. 1999)(unpublished). However, while detailed reasons for rejecting additional evidence may not be required by the Social Security regulations,

some explanation is necessary to allow the court to conduct a meaningful review. Sapienza v. Astrue, 2010 WL 3782014, * 4 (D.S.C. August 31, 2010).

Here, because the ALJ materially misstated the record, it is unclear whether any of his determinations were supported by substantial evidence. Lewis v. Astrue, 2009 WL 2914169, * 8 (D.S.C. September 4, 2009)("Based on the fact that there are misstatements in the ALJ's decision . . .it is not possible for the Court to conduct a proper review of the record to determine if there was substantial evidence to support the unfavorable decision."). *See also*, Jefferson v. Commissioner of Social Security, 2009 WL 1491229, * 9 (E.D.Va. May 26, 2009)(Remanding after ALJ misstated record). Accordingly, this matter should be remanded to permit Defendant to re-evaluate these finding in light of Plaintiff's treatment records from February, 2010 through November, 2010.

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-33) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-38) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Monday, July 23, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE