IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 7:11-CV-176-FL

| | ) | |
|---|---|---|
| BETHANY LANEY SCHILLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings (DE ## 33, 38). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") (DE # 40) recommending that defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Defendant timely filed objections to the M&R, to which plaintiff responded. In this posture, the issues raised are ripe for ruling.

## BACKGROUND

On October 31, 2008, plaintiff filed an application for disability insurance benefits, alleging a disability onset date of October 2, 2006, later amended to November 5, 2008, with eligibility for disability insurance benefits running through December 31, 2009 (her "Date Last Insured" or "DLI"). Video hearing was held before an Administrative Law Judge ("ALJ") on February 7, 2011. Plaintiff

was represented by counsel, and a vocational expert ("VE") testified. On February 25, 2011, the ALJ issued a decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review on June 28, 2011. Plaintiff filed her complaint in this court on August 22, 2011, seeking review of the final administrative decision.

A summary of the procedural and factual history of the case is found in the M&R. See M&R 3-4. Where plaintiff does not object to this portion of the M&R, and the court's review corresponds, the factual history of the case as set forth in the M&R is incorporated here by reference.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from her amended onset date (November 5, 2008) through her DLI (December 31, 2009). The ALJ then found at step two that plaintiff had the following severe impairments: lumbar degenerative disc disease, fibromyalgia, circulatory system disease, and mitral valve prolapsed. However, at step three the ALJ further determined that these impairments were not sufficiently severe to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

3

Prior to proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff had the ability to perform light work. The ALJ then found that plaintiff was able to perform her past relevant work. The ALJ therefore concluded that plaintiff had not been under a disability from November 5, 2008, through December 31, 2009.

B.  Analysis

The magistrate judge determined that the ALJ misstated the record when providing reasons for giving little weight to the opinion of Mr. Kenny Barrow, a physician assistant who treated plaintiff. M&R at 4. Rejecting defendant's argument that its decision could be upheld based upon review of all the evidence in the record, the magistrate judge determined that this error required remand. M&R at 5-6. Upon de novo review, the court agrees with the determination of the magistrate judge.

"Courts evaluate and weigh medical opinions pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527 (2005)). "Courts often accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Id. (citing Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

4

Plaintiff was treated at a pain management center approximately fifty times from January 16, 2007, through March 7, 2011. (Tr. 502-598). On February 12, 2010, Barrow, a physician assistant primarily assigned to plaintiff's treatment at the center, opined that plaintiff was unable to perform sedentary work due to chronic pain. (Tr. 396). Dr. Adam Brown, plaintiff's neurosurgeon, and Dr. Matthew Williams, her internist, concurred with this assessment. (Tr. 601, 603). The ALJ gave Mr. Barrow's opinion little weight, reasoning as follows:

> The undersigned has considered the statement of Kenny Barrow, PA-C from Coastal Rehabilitation dated February 2010 that the claimant is disabled due to chronic pain (Exhibits 11F, 15F). *However, the undersigned notes that following this statement the claimant did not present for pain management until November 2010.* While the medical evidence of record documents pain, records from Coastal Rehabilitation show improvement in pain post surgery and with pain management. Thus the undersigned gives this opinion little weight as it is unsupported by treatment records. The determination of whether an individual is disabled is reserved to the Commissioner pursuant to Section 20 CFR 404.1527 and 416.927. Statements that the claimant is disabled are not given any special significance of the issue of disability. Moreover, a vocational expert, who was present during the hearing, testified that the claimant's past work is consistent with her residual functional capacity.

(Tr. 24) (emphasis added). As the magistrate judge determined, the emphasized reason given for discrediting the opinion of Mr. Barrow was not true. (Tr. 24). In reviewing plaintiff's records from the pain management center, the ALJ also incorrectly noted that following treatment for pain in February 2010, she "did not follow up until November 2010." (Tr. 23).

To the contrary, as summarized in the M&R and incorporated here, plaintiff was evaluated and treated six times between the February 2010 appointment and November 2010 appointment. Treatment records consistently noted during this time period that plaintiff's pain was constant and made worse with sitting and standing. (Tr. 576, 581, 583, 585, 587, 589). For example, on March 5, 2010, treatment notes state "the pain is constant. Its character is an aching, throbbing, exhausting,

5

penetrating and miserable pain. The worst that it has been since the last visit is a 9/10 . . . The pain is made better with nothing, and the pain is made worse with sitting and standing." (Tr. 576). Likewise, her pain was usually severe enough to restrict her from housework. (Tr. 576, 581, 583, 585, 587, 589). Plaintiff stated that she was "having more bad days than good" on August 16, 2010. Id. at 585. She also reported "widespread aching pain." Id. On September 13, 2010, plaintiff was "having more trouble with fatigue . . . [and] modest problems with fibromyalgia symptoms." Id. at 588. October 11, 2010, treatment notes state that plaintiff's "husband . . . had to take off work . . . to take care of her because of the increased SI joint point on the right." Id. at 589.

As noted by the parties and the magistrate judge, the ALJ did not have access to these treatment records, but they were submitted to and considered by the Appeals Council. (M&R 5; Obj. 3). The Appeals Council determined that the additional records did "not provide a basis for changing the [ALJ's] decision." (Tr. 2). "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dept. of Health & Human Services, 953 F.2d 93, 95-96 (4th Cir. 1991). Evidence is material if there is "a reasonable possibility that the new evidence would have changed the outcome" of the case. Id. at 96. When the Appeals Council incorporates new evidence into the administrative record, the reviewing court may affirm or reverse the decision of the Commissioner based on all the evidence in the record, including the new evidence, or the court may remand for rehearing pursuant to sentence four of 42 U.S.C. § 405(g). See Meyer v. Astrue, 662 F.3d 700, 707 (4th Cir. 2011).

Defendant argues that its decision should be upheld, despite the misstatement in the ALJ decision and the new records submitted to the Appeals Council, for several reasons. First, defendant

6

argues that the new records did not raise a reasonable possibility of changing the ALJ's decision because they were dated after December 31, 2009, plaintiff's DLI. (Obj. 4-5). This contention, however, is belied by the ALJ's own analysis and the record, as well as principles articulated in Fourth Circuit law. "Medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) (citing Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987)). Indeed, "evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post-DLI state of health and her pre-DLI condition, could be the 'most cogent proof' of a claimant's pre-DLI disability." Id. (quoting Moore v. Finch, 418 F.2d 1224, 1226 (4th Cir. 1969)). Accordingly, under Fourth Circuit law "retrospective consideration of evidence is appropriate when the record is not so persuasive as to rule out any linkage of the final condition of the claimant with his earlier symptoms." Id.

In this case, the post-DLI evidence regarding plaintiff's condition between February 2010 and November 2010 "permits an inference of linkage between the claimant's post-DLI state of health and her pre-DLI condition." Id. Plaintiff's pre-DLI condition and post-DLI condition include a continuum of impairments and interrelated symptoms, including chronic pain, emanating from a condition that required back surgery in February 2009. (Tr. 22-23, 502-598). Indeed, the ALJ herself considered 2010 post-DLI records, albeit incomplete ones, in making her disability determination. (Tr. 23). As such, the ALJ's method of analysis further demonstrates the linkage between the post-DLI and pre-DLI records in this case. In sum, contrary to defendant's argument,

7

the 2010 records submitted to the Appeals Council were not only material but were also among the most cogent proof of plaintiff's pre-DLI disability.

Second, defendant argues that even if the 2010 records are relevant, the ALJ's reasons for discounting Mr. Barrow's opinion remain valid and are supported by substantial evidence in the record. At the outset, defendant opines that the perceived absence of treatment records was "not the primary basis for [the ALJ] assigning Mr. Barrow's opinion little weight." (Obj. 5). This is not, however, apparent from the ALJ's decision. Rather, it is reasonable to infer that the ALJ considered this perceived absence of treatment records to be a significant factor in discounting Mr. Barrow's opinion, as it is the first reason provided, (Tr. 24), and the ALJ makes the same point in reviewing all the records of the pain management center (Tr. 23).

With respect to the other reasons given by the ALJ for discounting Mr. Barrow's opinion, defendant contends that "the ALJ determined that Mr. Barrow's opinion was an opinion only on whether Plaintiff was disabled." (Obj. 5). The ALJ, however, does not make this express determination. Rather, she notes that the question "whether an individual is disabled is reserved to defendant." (Tr. 24). Here, Mr. Barrow did not only opine that plaintiff was disabled, but rather he stated that she could not perform sedentary work activities due to chronic pain, and that this conclusion was based upon clinical observations and other medical evidence, including reference to imaging studies and office notes from the record. (Tr. 396). Thus, Mr. Barrow's opinion encompassed other determinations beyond simply the ultimate question of disability reserved to defendant.

Defendant also points out that the ALJ found that Mr. Barrow's opinion deserved "little weight as it was unsupported by treatment records," and the records "show improvement in pain post

8

surgery and with pain management." (Obj. 5-6; Tr. 24). However, it is impossible to determine from the ALJ's opinion how much this assessment of the evidence in the record was clouded by her misperception as to the extent of plaintiff's treatment in 2010. Indeed, the ALJ's conclusion regarding "improvement in pain" could have been based entirely on the perceived lack of appointments for pain management between February 2010 and November 2010. In sum, the court cannot, as defendant suggests, simply ignore the ALJ's misstatement of the record as one basis for discounting Mr. Barrow's opinion while upholding the remaining reasons as independent grounds for discounting the opinion.

Third, defendant argues that, despite the misstatement of the record by the ALJ, the court should affirm the Commissioner's decision based upon its own review of the whole record, including the new evidence. (Obj. 6-7). As an initial matter, it is not clear the court is in a position to make this determination, where the ALJ did not consider the new evidence in the first place, and where the new evidence contradicts a critical finding by the ALJ. In Bird, for example, the ALJ failed to consider post-DLI evidence which the court found material to the disability determination, and the Fourth Circuit noted: "Because we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, an assessment of the weight of the evidence must be left to the ALJ on remand in the first instance." 699 F.3d at 341 n.1. The same reasoning is persuasive here.

Defendant nonetheless notes that because the Appeals Council considered the new evidence already, the court may review the evidence, including the new evidence, on its own, and determine whether the Commissioner's decision is supported by substantial evidence. (Obj. 6-7). In some circumstances, such an approach may be warranted. For example, as the Fourth Circuit noted in Meyer:

9

we have affirmed an ALJ's denial of benefits after reviewing new evidence presented
to the Appeals Council because we concluded that "substantial evidence support[ed]
the ALJ's findings." Smith v. Chater, 99 F.3d 635, 638-39 (4th Cir.1996).
Conversely, when consideration of the record as a whole revealed that new evidence
from a treating physician was not controverted by other evidence in the record, we
have reversed the ALJ's decision and held that the ALJ's denial of benefits was "not
supported by substantial evidence." Wilkins, 953 F.2d at 96.

Meyer, 662 F.3d at 707. Nevertheless, as the court recognized in Meyer, the court is not required to only affirm or reverse where, as in this case, the court "simply cannot determine whether substantial evidence supports the ALJ's denial of benefits here." Id. In Meyer, for example, the court noted that

"[t]he ALJ emphasized that the record before it lacked 'restrictions placed on the
claimant by a treating physician,' suggesting that this evidentiary gap played a role
in its decision. Meyer subsequently obtained this missing evidence from his treating
physician. That evidence corroborates the opinion of Dr. Weissglass, which the ALJ
had rejected. But other record evidence credited by the ALJ conflicts with the new
evidence. . . ."

Id. at 707. The court determined that "no fact finder has made any findings as to the treating physician's opinion *or attempted to reconcile that evidence with the conflicting and supporting evidence in the record.*" Id. (emphasis added). Accordingly, where "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder," the court "cannot undertake it in the first instance." Id.

As in Meyer, the court finds here that consideration of the new evidence would require "[a]ssessing the probative value of competing evidence" and that no attempt has been made to reconcile the new evidence "with the conflicting and supporting evidence in the record." Id. While defendant contends that the new evidence "provide[s] further support for the ALJ's analysis," (Obj. 6; see Mem. J. Pl's 16), the court finds that the new evidence is not nearly so one-sided, and, in many

10

respects, the new evidence, considered as a whole with the 2009 records, detracts from the ALJ's analysis.

For example, while the ALJ opines that records from the pain management center "show improvement in pain post surgery and with pain management," many 2009 and 2010 records belie this conclusion, especially when considered as a whole. Following her surgery in February 2009, plaintiff experienced continued "significant back pain" in March 2009, and "an increase in left leg pain postoperatively in comparison to what she experienced prior to surgery." (Tr. 314, 344). In May 2009, an MRI showed "swelling in the laminectomy compartment," and plaintiff was "reporting more pain in the left L5 and S1 dermatome." (Tr. 336). In June 2009, plaintiff continued to describe left leg neuropathic pain. (Tr. 334). In July 2009, it was reported that plaintiff "still has L5 nerve root neuropathic pain symptoms," and plaintiff was diagnosed with SI joint dysfunction and residual lower back pain and left leg pain. (Tr. 409). She continued to report pain in August 2009, and "experienced another exacerbation in her lower back, gluteal, and proximal leg pain . . . to the point that she was bedridden for a few days" in December 2009." (Tr. 401, 406).

Considered in conjunction with those records, the fact that plaintiff then followed up for pain management eight times between January 2010 and November 2010 does not support a finding of "improvement in pain" post-surgery. (Tr. 24). Rather, the symptoms and conditions described in the 2010 records are consistent with, and supportive of, those documented in the 2009 records. (Tr. 576, 581, 583, 585, 587, 589). For example, as noted above, March 5, 2010, treatment notes state "the pain is constant. Its character is an aching, throbbing, exhausting, penetrating and miserable pain. The worst that it has been since the last visit is a 9/10 . . . The pain is made better with nothing,

11

and the pain is made worse with sitting and standing." (Tr. 576). As defendant recognizes, "[p]laintiff experienced another exacerbation of her pain in August 2010." (Obj. 6; Tr. 585).

In sum, the evidence that the ALJ did not address in her opinion raises too many conflicts of fact, requiring weighing of the probative value of competing evidence, for the court to undertake review of the impact of the new evidence in the first instance. See Meyer, 662 F.3d at 707. Accordingly, the court must vacate the decision of defendant and remand the case for a rehearing pursuant to sentence four of 42 U.S.C. § 405(g). See id.

## CONCLUSION

Based on the foregoing, upon de novo review of those portions of the magistrate judge's M&R to which specific objection has been made, the court overrules defendant's objections and ADOPTS the recommendation of the magistrate judge. The court GRANTS plaintiff's motion for judgment on the pleadings (DE # 33), DENIES defendant's motion for judgment on the pleadings (DE # 38), VACATES the final decision of defendant and REMANDS this matter to the Commissioner for proceedings in accordance with this order pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to close this case.

SO ORDERED this the 26th day of March, 2013.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge